mise is correct, there is nothing in the record to show what part of the debt, if any, was so created, and we must therefore disallow the deduction on the Commissioner's determination that the transaction was an intercompany transaction.

---

## APPEAL OF DIAMOND RED PAINT CO.

Docket No. 3099.    Submitted June 29, 1925.    Decided February 11, 1926.

*Fred C. Mau, Esq.*, for the taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

This is an appeal from the determination of a deficiency of $1,669.33 income and profits tax for 1920, resulting from the alleged erroneous computation of invested capital.

### FINDINGS OF FACT.

On December 31, 1918, the taxpayer, an Illinois corporation, had outstanding capital stock of $10,000 par value. Each share had a par value of $10. During 1919, it issued $202,250 par value. On January 2, 1920, it issued $87,750 par value, for which it received cash of $11,899.44 on that date and charged stockholders' notes receivable and accounts receivable with the balance of $75,850.56.

During the year 1920, stock was paid for, as shown on the books of account, as follows:

| | |
|---|---:|
| July 1, 1920, bonus stock issued as additional compensation (treated by the Commissioner as cash) | $4,300.00 |
| July 1, 1920, cash | 29,200.00 |
| Aug. 31, 1920, cash | 8,850.56 |
| Sept. 4, 1920, cash | 500.00 |
| Sept. 7, 1920, cash | 1,000.00 |
| Sept. 9, 1920, cash | 550.00 |
| Oct. 1, 1920, cash | 500.00 |
| Oct. 11, 1920, cash | 450.00 |
| Oct. 15, 1920, cash | 500.00 |
| | 45,850.56 |

In 1920, dividends of $30,000 on the stock issued in 1920 were credited to the personal accounts of stockholders and applied against the notes receivable and accounts receivable. The stockholders' accounts not only were stock purchase accounts but were general open accounts. Some of the stockholders withdrew money during 1920.

The taxpayer also issued the following stock:

| | Par value. |
|---|---|
| July 1, 1920 | $103, 500 |
| Aug. 31, 1920 | 5, 050 |
| Sept. 7, 1920 | 2, 050 |
| Oct. 10, 1920 | 1, 450 |
| | 112, 050 |

for which it charged on its books:

| | |
|---|---|
| Notes receivable | $88, 267. 63 |
| Accounts receivable | 23, 782. 37 |
| | 112, 050. 00 |

In December, 1921, the stock of $112,050 par value was canceled. The capital stock was increased in 1920 to enable the taxpayer to obtain cash and credit to carry it over the winter period when, by reason of the seasonal nature of its business, it receives no payments on purchases. It was canceled because business and profits had accumulated sufficiently so that the additional capital amount was not needed to carry the taxpayer through this period.

The taxpayer included the amount of $87,750 in its invested capital from January 2, 1920, when it was issued. The Commissioner "adjusted this amount by prorating the payments for the stock to the dates when the cash was received by the taxpayer." The taxpayer included the $112,050 in invested capital "as of the dates of issuance and prorated the same accordingly." The Commissioner excluded the amount entirely.

#### DECISION.

The determination of the Commissioner is approved.

---

### APPEAL OF J. H. McDERMOTT OIL CO.

Docket No. 3579. Submitted July 1, 1925. Decided February 11, 1926.

> Commissioner's determination of taxable gain from sale of oil wells and equipment approved.

*J. V. Blair, Jr., Esq.*, for the taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before GREEN, LANSDON, and LOVE.

This is an appeal from the determination of a deficiency in income and profits taxes for the year 1919 in the amount of $4,513.71. The sole issue involved in this appeal relates to the amount of profit realized by the taxpayer upon the sale in 1919 of certain oil leases.